IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD L. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-02311 |
| | § | |
| AMAZON.COM SERVICES LLC, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 124, 1331, 1332, 1367, 1441, and 1446, Defendant Amazon.com Services LLC ("Defendant" or "Amazon") removes the above-styled action from the 160th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

## I.
## RELEVANT BACKGROUND

1. This case arises from Amazon's employment of Plaintiff Reginald L. Grant. On July 19, 2024, Plaintiff filed an Original Petition in the 160th Judicial District Court, Dallas County, Texas, Cause No. DC-24-10523, attached as **Exhibit 3**. On July 23, 2024, Plaintiff filed an Amended Petition therein, asserting he was subjected to discrimination on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), as well as claims for hostile work environment, intentional infliction of emotional distress and fraudulent misrepresentation.

*See* **Exhibit 4**, at ¶ 5.[1] Plaintiff seeks damages in the form of "actual damages" of $500.00 and punitive damages of $100,000,000.00. *Id*. ¶ 7.

2. Amazon filed its Defendant's Original Answer and Affirmative and Other Defenses in the state court action on September 10, 2024. *See* **Exhibit 6**. A copy of the state court docket is attached as **Exhibit 2**. True and correct copies of each document filed in the state court action are attached as **Exhibits 3-6**.

3. Under 28 U.S.C. § 1446(b), a "notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." The Fifth Circuit has held, in interpreting § 1446(b), that the federal removal statutes "require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Delgado v. Shell Oil Company*, 231 F.3d 165, 177 (5th Cir. 2000).

4. Under Texas law, an answer constitutes an appearance "so as to dispense with the necessity for issuance of service upon him." TEX. R. CIV. P. 121. Amazon filed its Defendant's Original Answer and Affirmative and Other Defenses on September 10, 2024. *See* **Exhibit 6**. This Notice of Removal is filed within 30 days of Defendant's appearance, and therefore is timely. *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841, 846 (W.D. Tex. 2022) (holding filing an answer in state court commences the running of the thirty-day removal period under Section 1446(b)).

## II.
## GROUNDS FOR REMOVAL

**A.  Federal Question Jurisdiction.**

5. Plaintiff's Amended Petition alleges that Amazon violated the ADEA, 29 U.S.C. §§ 621, *et seq*. *See* **Exhibit 4**, at ¶ 5.

---

[1] Pursuant to Local Rule 81.1, an index of all matters filed is attached as **Exhibit 1**.

6.  Plaintiff therefore brings claims arising under federal law which involves a federal question, and this Court is vested with original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

B. **Diversity Jurisdiction.**

7.  Federal district courts have original jurisdiction of all civil actions between citizens of different states and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). As explained below, there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00.

**(1)     There is Complete Diversity of Citizenship Between the Parties.**

8.  Plaintiff alleges that he resides in Cedar Hill, Texas. *See* **Exhibit 4,** at ¶ 2. He does not plead that he has any intent to change his residence to any other state. Thus, Plaintiff is a citizen of the State of Texas for the purposes of 28 U.S.C. § 1332. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 448 (5th Cir. 2003) (citizenship of individual established by residence in state and an intention to remain).

9.  The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Amazon.com Services LLC is a limited liability company organized under the laws of the State of Delaware. See **Exhibit 7,** Declaration of Zane Brown, at ¶ 2. Its sole member, Amazon.com Sales, Inc., is a Delaware Corporation with its principal place of business in Seattle, Washington. Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington. See 28 U.S.C. § 1332(c)(1) (corporation is citizen of State in which it is incorporated and state where it has its principal place of business).

10. Accordingly, as of the date of this Notice of Removal, the parties are citizens of different states and there is complete diversity of citizenship.

**(2)  The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs.**

11.  In addition to his ADEA claims, Plaintiff purports to allege, among other things, claims for intentional infliction of emotional distress, defamation, fraudulent misrepresentation, "loss of use," and "loss of enjoyment." See **Exhibit 4**, at ¶ 5.

12.  Plaintiff seeks damages in the form of actual damages of $500.00 and punitive damages of $100,000,000.00. *Id.*, at ¶ 7. Accordingly, the amount in controversy exceeds $75,000.00. *See Ervin v. Sprint Communications Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (courts first look to the face of the complaint to see whether the amount in controversy exceeds the jurisdictional threshold); *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (where plaintiff in good faith has alleged a specific amount of damages in his complaint, the defendant invoking federal jurisdiction is not required to put on evidence as to the amount in controversy).

**C.  The State Court Action Is Properly Removed to the Northern District of Texas, Dallas Division.**

13.  Pursuant to 28 U.S.C. §1441(a), the defendant may remove a case to the "district court of the United States for the district and division embracing the place where such action is pending." Because the state court action originated in Dallas County, Texas, the division that embraces the State Court Action is the United States District Court for the Northern District of Texas, Dallas Division. See 28 U.S.C. §§ 124(a)(1) and 1441(a).

14.  Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division as a substantial part of the events alleged in the Amended Petition occurred, if at all, within this judicial district. 28 U.S.C. § 1391(b)(2).

15.  Plaintiff also asserts claims arising under state law. *See* **Exhibit 4**, at ¶ 5. This Court has supplemental jurisdiction over these claims (and thus has jurisdiction over the entire

Complaint) pursuant to 28 U.S.C. § 1367 because they rest on the same facts and occurrences as the ADEA claims, and thus are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" between the parties. 28 U.S.C. § 1367(a).

16. As required by 28 U.S.C. § 1446(d), a Notice to State Court of this Notice of Removal will be filed contemporaneously with the clerk of the 160th Judicial District Court, Dallas County, Texas, and served on Plaintiff. *See* **Exhibit 8**.

## III.
## PRAYER

WHEREFORE, Amazon requests that this action be removed from the 160th Judicial District Court of Dallas County, Texas, to this United States District Court for the Northern District of Texas, Dallas Division and that this Court assume full jurisdiction over this action.

Dated: September 11, 2024        Respectfully submitted,

       */s/ Luke C. MacDowall*
       **Luke C. MacDowall**
       State Bar No. 24104445
       lmacdowall@littler.com
       **Drew P. Barber**
       State Bar No. 24101483
       dbarber@littler.com
       **LITTLER MENDELSON, P.C.**
       1301 McKinney Street, Suite 1900
       Houston, TX 77010
       713.951.9400 (Telephone)
       713.951.9212 (Telecopier)

       and

       **Matthew A. Swanger**
       Texas State Bar No. 24100286
       mswanger@littler.com
       **LITTLER MENDELSON, P.C.**
       2001 Ross Avenue
       Suite 1500, Lock Box 116
       Dallas, TX 75201
       214.880.8100 (Telephone)
       214.880.0181 (Fax)

       **ATTORNEYS FOR DEFENDANT**
       **AMAZON SERVICES.COM LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, a true and correct copy of the foregoing was served on the following *Pro Se* Plaintiff *via* e-filing:

Reginald Grant
445 E. FM 1382, Ste. 3
Cedar Hill, Texas 75104
Dallreginald@aol.com

*Pro Se Plaintiff*

       */s/ Luke C. MacDowall*
       Luke C. MacDowall