IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD L. GRANT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2311-X-BW |
| | § | |
| AMAZON.COM SERVICES LLC, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Amazon.com Services LLC's motion to dismiss claims brought by Plaintiff Reginald L. Grant, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted, filed on September 16, 2024.  (Dkt. No. 8 ("Motion ("Mot.").)  The Motion is accompanied by a brief (Dkt. No. 9 ("Br.")  and appendix (Dkt. No., 10 ("App.")[1] in support. Also pending before the Court is Grant's motion for leave to file an amended pleading filed on March 12, 2025.  (Dkt. No. 22.)  Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case is referred to the undersigned magistrate judge for pretrial management and recommendation on claim-dispositive motions.  (*See* Dkt. No. 2.)

Based on the relevant filings and applicable law, the undersigned

**RECOMMENDS** that Amazon's motion to dismiss (Dkt. No. 8) be **GRANTED**,

---

[1] Amazon's appendix contains court records from previous litigation between Amazon and Grant and will be cited to the appropriate App. page number(s).

and Grant's motion to file an amended an amended pleading (Dkt. No. 22) be

**DENIED**.

## I.  BACKGROUND

Grant, proceeding pro se, filed this lawsuit in the 160th Judicial District Court for Dallas, County, Texas on July 19, 2024.  (*See* Dkt. No. 1-3.)  He amended his original petition on July 23, 2024, which is the live complaint.  (*See* Dkt. No. 1-4 ("Compl.").)  Grant alleges the following causes of action: (1) discrimination under the Age Discrimination in Employment Act ("ADEA"); (2) harassment under the ADEA; (3) breach of contract; (4) fraudulent misrepresentation; (5) intentional infliction of emotional distress ("IIED"); (6) defamation; and (7) "loss of use, loss of enjoyment."  (*See* Compl.)  Amazon removed the lawsuit to this Court on September 11, 2024.  (*See* Dkt. No. 1.)

This is Grant's third lawsuit against Amazon alleging claims related to his employment, including a previous case in this Court, *Grant v. Amazon.com Services LLC*, No. 3:22-CV-00439-S-BH ("*Grant I*"), and a case in state court, *Grant v. Amazon.com Services LLC*, Cause No. CC-22-04274-D ("*Grant II*"), which is currently on appeal before the Court of Appeals for the Fifth District of Texas.  (*See* Dkt. Nos. 1-9, 8, 9 at 7-11.)

In *Grant I*, Grant filed suit against Amazon in Texas state court on November 2, 2021, alleging age-based discrimination under the ADEA.  *See* No. 3:22-CV-00439-S-BH, Dkt. 1-3.  Amazon removed the action to this Court on February 23, 2022, and the case was assigned to United States District Judge Karen Gren Scholer

and referred to United States Magistrate Judge Irma Carrillo Ramirez. *See id.*, Dkt. Nos. 1, 3. Amazon filed a motion for summary judgment on January 17, 2023. *See id.*, Dkt. Nos. 24, 32. In his response to Amazon's motion for summary judgment, Grant asserted new allegations not been previously mentioned in his pleadings or his EEOC Charge of Discrimination. *See id.*, Dkt. No. 42. In deference to Grant's status as a pro se litigant, Judge Ramirez construed Grant's new allegations as "a motion to amend" and considered Grant's new claims in the context of Amazon's motion for summary judgment. *See id.*, Dkt. No. 52.

On September 1, 2024, Judge Ramirez issued Findings, Conclusions, and Recommendation ("FCR"), recommending that summary judgment be granted in favor of Amazon, because Grant had failed to timely exhaust his administrative remedies, and there was no evidence that Grant's resignation constituted a constructive discharge, and therefore, no evidence that he suffered an adverse employment action as required to sustain his retaliation claim. *See id.*, Dkt. No. 52. Judge Ramirez's FCR was adopted in full, granting Amazon's motion for summary judgment and dismissing Grant's claims with prejudice, and final judgment was entered on September 26, 2023. *See id.*, Dkt. Nos. 53, 54. Grant subsequently appealed to the United States Court of Appeals for the Fifth Circuit, which dismissed Grant's appeal as frivolous. *See Grant v. Amazon.com Services LLC*, No. 23-11068, 2024 WL 3755984, at *1 (5th Cir. Aug. 12, 2024) (unpublished).

Just a few days after filing *Grant I*, Grant filed a second lawsuit in Justice Court, Precinct 1, Place 2, for Dallas County, Texas, in November 2021, alleging

fraud and breach of contract arising from Amazon's alleged failure to pay Grant a $0.60 (60 cents) per hour shift differential from June 2021 through early 2022. (*See* App. 332-336, *Grant v. Amazon.com Services LLC RA Corp. Services DBA CSC Lawyers Inc Services Co.* ("*Grant Small Claims Case*"), Cause No. JS2100164K, Statement of Claim.) Grant amended his Statement of Claim in April 2022, seeking to recover damages for mental anguish and emotional distress arising out of facts underlying his fraud and breach of contract claims. (*See* App. 338-339, *Grant Small Claims Case*, April 13, 2022, Amendment to Original Petition.) A jury awarded Grant $386.00, and the Justice of the Peace Court entered judgment in the same amount, plus costs. (*See id.*, *Grant Small Claims Case*, August 8, 2022, Final Judgment.)

After Grant appealed to the County Court at Law No. 4 for Dallas County, Texas, a second jury found that a valid contract existed between Grant and Amazon, and Amazon breached that contract "by failing to pay the 60 cent per hour shift differential." *See Grant II*, Cause No. CC-22-04274-D, August 23, 2023, Jury Charge (App. 340-345). The jury also found that Amazon committed fraud "by falsely representing a 60 cent pay differential was available" for the shift Grant worked. *See id*. A final judgment was entered on September 25, 2023, incorporating the jury's verdict and awarding Grant $20,000. *See Grant II*, September 25, 2023, Final Judgment (App. 346-347). Amazon filed an appeal to the Texas Court of Appeals for the Fifth Judicial District, *Amazon.com Services LLC v. Reginald Grant*, No. 05-23-

01306-CV in the Texas Court of Appeals for the Fifth Judicial District, which is currently pending. (*See* Br. at 5.)

On September 16, 2024, Amazon filed the present motion to dismiss in this case pursuant to Federal Rule of Civil Procedure 12(b)(6). Amazon argues that any claims brought in the previous lawsuits are barred by res judicata, and even if they were not barred, those claims, as well as Grant's remaining claims, should be dismissed because Grant has failed to sufficiently plead any of his alleged causes of action. (*See* Br. at 1.) On December 12, 2024, Grant filed a response in opposition (Dkt. No. 18) ("Resp."), to which Amazon filed a reply on December 23, 2024 (Dkt. No. 20) ("Repl."). Accordingly, the Motion is ripe, and Grant's original petition filed in state court on July 23, 2024, remains the live complaint. (*See* Compl.)

Grant also filed a response in opposition to Amazon's reply in support of its motion to dismiss—essentially, a surreply. (*See* Dkt. No. 21.) The Court's rules provide for a motion, response, and reply. *See* N.D. Tex. L.R. 7.1. "The local rules do not allow surreplies as a matter of course." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Grant has already filed his response to Amazon's motion, and he has no right to file an additional responsive pleading after Amazon's reply. Because Grant has not shown a basis for allowing a surreply in this instance and has not complied with the Court's local rules, the Court declines to consider his unauthorized surreply.

## II. LEGAL STANDARDS

### A.    Rule 12(b)(6).

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion therefore is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and he must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (cleaned up); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-

6

10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) (unpublished) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

"Pro se complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

**B.    Leave to amend.**

Rule 15(a)(2) requires the Court to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court may deny leave to amend only when "there is substantial reason to deny leave to amend."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Factors to consider when deciding whether to grant leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."  *Id.* at 598.  Granting leave to amend is futile when the amended complaint would fail to state a claim upon which relief could be granted.  *See, e.g.*, *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

## III.  ANALYSIS

At the outset the undersigned notes that Grant asserts numerous factual allegations in his response to Amazon's motion for summary judgment that do not appear in his complaint.  (*See* Dkt. No. 18.)  In deciding a motion to dismiss under Rule 12(b)(6), assessing the sufficiency of a plaintiff's pleadings in light of Rule 8(a)(2) and determining the applicability of res judicata, the Court's consideration is limited to the four corners of the plaintiff's complaint in conjunction with any judicially noticed facts.  *See Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 591 (5th Cir. 2020).   Therefore, the Court is not required to consider these

extraneous allegations in Grant's response and can disregard them as irrelevant in decinding whether to dismiss his lawsuit. *Carter v. St. Tammany Par. Sch. Bd.*, No. CV 21-1303, 2022 WL 558174, at *4 (E.D. La. Feb. 24, 2022) ("[A]ny such new 'claims,' referenced for the first time in an opposition and devoid of factual allegations or other support, cannot undermine the application of res judicata.").

## A.    Grant's claims for ADEA discrimination, harassment, breach of contract, and fraud are barred by res judicata.

Res judicata bars claims that either have been litigated or could have been raised in an earlier suit. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata may be properly asserted through a motion to dismiss if its application is warranted based on the four corners of the pleadings in conjunction with any judicially noticed facts. *Basic Cap. Mgmt., Inc.*, 976 F.3d at 591. District courts should apply res judicata sua sponte where both actions are brought in courts from within the same district, or when all relevant data and legal records are properly before it, and demands of comity, continuity in the law, and justice warrant its application. *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

Courts may take judicial notice of matters of public record, including publicly available court documents filed in a prior case. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Hall v. Hodgkins*, 305 F. App'x 224, 226, 229 (5th Cir. 2008) (taking judicial notice of publicly available pleadings and

opinions filed in prior cases for purposes of deciding their res judicata effect); *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (approving lower court's consideration of "public records and prior court proceedings" in ruling on a Rule 12(b)(6) motion on the grounds of res judicata). Accordingly, the undersigned takes judicial notice of the filings in *Grant I and Grant II*. *See Norris*, 500 F.3d at 461 n.9; *Stiel v. Heritage Numismatic Auctions, Inc.*, No. 3:17-CV-02086-M, 2019 WL 12095440, at *1 n.1 (N.D. Tex. Jan. 23, 2019) ("The Court may take judicial notice of the filings in the state court action at the motion to dismiss stage because they appear in a public record."), *aff'd*, 816 F. App'x 888 (5th Cir. 2020). Amazon has provided certified copies of relevant court filings in *Grant I* and *Grant II*, which the undersigned has also independently verified.

## 1. This Court's final judgment in *Grant I* bars Grant's ADEA discrimination and harassment claims.

The application of res judicata is appropriate with respect to Grant's ADEA discrimination and harassment claims in light of this Court's final judgment in *Grant I*. When a prior federal court judgment is at issue, the federal res judicata test applies. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). This requires: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id*. All elements are satisfied here.

First, the parties in *Grant I* are identical to the parties in this lawsuit.  Second, the final judgment in *Grant I* was rendered by this Court—which is a court of competent jurisdiction.  *See, e.g.*, *McIntyre v. Ben E. Keith Co.*, No. 4:18-CV-203-A, 2018 WL 1413063, at *2 (N.D. Tex. Mar. 20, 2018) ("[T]he judgment in the prior action . . . was rendered by this court, which is a court of competent jurisdiction."), *aff'd*, 754 F. App'x 262 (5th Cir. 2018).  Third, this Court's grant of Amazon's motion for summary judgment was a final judgment (*see Grant I*, Dkt. Nos. 53, 54) on the merits.  *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005).

Finally, Grant's ADEA claims here are identical to those asserted in *Grant I*. The Fifth Circuit applies "the transactional test" in analyzing this element.  *Test Masters*, 428 F.3d at 571.  Under the transactional test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."  *Id*.  The most important inquiry is whether the two actions are based on the "same nucleus of operative facts."  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). This is a pragmatic inquiry, "considering whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *Test Masters*, 428 F.3d at 571.  If the two actions arise out of the same common nucleus of operative facts, res judicata bars not only those claims that were advanced in the previous proceeding, but also those that

"*could have been advanced*" in the previous proceeding. *Davis*, F.3d at 314 (emphasis in original).

Particularly within the context of employment discrimination and retaliation claims, those which "originate from the same continuing course of allegedly discriminatory conduct" are barred by the doctrine of res judicata. *Davis*, F.3d at 314. This is true even if the plaintiff asserts additional or new injuries arising out of the same alleged wrong. *Lewis-Watson v. Wormuth*, No. 23-50538, 2024 WL 277725, at *3 (5th Cir. Jan. 25, 2024) (unpublished) (holding final judgment in employee's prior lawsuit asserting various harms arising out of the employee's termination precluded subsequent suit alleging additional injuries sustained after its entry).

The allegations in this case arise out of the same nucleus of operative facts that were litigated in *Grant I*—i.e., Grant's employment with Amazon from the time that he contends he was wrongfully denied a promotion in April 2019 through his ultimate resignation in August 2022. In fact, Grant's claims in this lawsuit are premised on identical facts occurring during the same time period as those at issue in *Grant I*, including the alleged denials of promotions; the alleged "verbal abuse" he suffered; Amazon's failure to select Grant to work overtime shifts; the timing in which he was scheduled to complete training to receive his commercial driver's license ("CDL"); and the circumstances and nature of his resignation. *See Grant I*, Dkt. 1-4 at 6-10 (App. 297-299, 307-310).) Accordingly, Grant's claims are barred by res judicata. *See Steen v. Harvey*, 247 F. App'x 511, 514-15 (5th Cir. 2007) (holding

that res judicata barred hostile work environment claims based on "*identical* facts" as those raised in prior wrongful termination lawsuit) (emphasis in original)).

To the extent Grant attempts to allege any facts or novel theory of discrimination beyond those he asserted in *Grant I*, those claims are still barred because they "originate from the same continuing course of allegedly discriminatory conduct," culminating in Grant's ultimate resignation.  *See Davis*, F.3d at 314.  Grant had his opportunity to litigate—and in fact did litigate—any alleged age discrimination arising out of the same nucleus of operative facts regarding his employment with Amazon during *Grant I*.  *See id.* (noting that the claims in the second lawsuit "were so connected in time and space" with the claims in the prior action, "that they could have, and should have, been brought in the first action to create a single, convenient trial unit").  Indeed, Magistrate Judge Ramirez treated Grant's new allegations in his summary judgment response as a motion to amend. *See Grant I*, Dkt. 52 at 12-15 (App. 307-10).  The Court permitted the amendment and summarily disposed of those new claims.  *See id*.  Thus, no matter how Grant's ADEA claims are framed, res judicata bars him from relitigating them after the final judgment in *Grant I*.  *See Davis*, F.3d at 314; *Steen*, 247 F. App'x at 515.

### 2. The state court's final judgment in *Grant II* bars Grant's breach of contract and fraud claims.

Grant's breach of contract and fraudulent misrepresentation claims are similarly barred by the doctrine of res judicata in light of the final judgment in *Grant II*.  Federal courts apply Texas law to determine the res judicata effect of a Texas

judgment. *Harmon v. Dallas Cnty., Tex.*, 927 F.3d 884, 890 (5th Cir. 2019), *revised* (Jul. 9, 2019). The inquiry under Texas law is similar to the federal standard; res judicata applies if there is: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Id.* (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). All three elements are met.

First, the parties are identical. Second, final judgment entered following a jury trial on the merits by Dallas County Court at Law No. 4, which is a court of competent jurisdiction. *See Canales v. Allstate Fire & Cas. Ins. Co.*, No. 18-CV-00860-DAE, 2020 WL 1902537, at *2 (W.D. Tex. Mar. 2, 2020) (holding state court final judgment entered following jury verdict constituted a final judgment on the merits). Furthermore, the judgment in *Grant II* is final despite the fact that an appeal is pending. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) ("[A] judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal[.]" (internal citations and quotation marks omitted)).

Finally, the alleged contract and fraud claims are identical to those raised in *Grant II*. Texas applies the same transactional test applicable under federal law to determine whether two lawsuits arise out of the same subject matter, and thus, whether the claims were raised or could have been raised in the first action. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). Here, Grant's contract claim is based on Amazon's alleged refusal to pay him a shift differential. (*See*

14

Compl. at 7.)   Indeed, Grant admits that his breach contract claim was litigated in *Grant II*, stating "[a] jury decided in the plaintiff's favor, the case is pending in appeals of County Court of Dallas." (*Id.* at 7.)   Thus, Grant's breach of contract claim was actually brought and litigated in *Grant II*.   Therefore, it is barred by res judicata. *See Jones v. Nightingale*, 900 S.W.2d 87, 89 (Tex. App.—San Antonio 1995, writ ref'd) (holding employee's breach of contract claim relating to employer's oral promise to pay medical bills after on-the-job accident was barred by res judicata, where employee previously brought action against employer seeking recovery under negligence and contract theories).

The same is true for Grant's fraud claim, which arises out of the same conduct giving rise to the breach of contract claim: Amazon's failure to pay the shift differential. *Grant II*, August 23, 2023, Jury Charge (App. 343).   Again, as Grant admits, this claim was asserted, finally and fully litigated in *Grant II*, and res judicata prohibits him from bringing the same claim in this case. *See Shawn Ibrahim, Inc. v. Houston-Galveston Area Local Dev. Corp.*, 582 S.W.3d 753, 766 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("Ibrahim cannot now recategorize these same arguments as breach of contract or tort claims in an attempt to get Sunnyland to pay to Ibrahim as damages in the present suit the very judgment that the trial court awarded to Sunnyland in the first suit.").   Accordingly, Grant's breach of contract and fraud claims are barred by res judicata.

**B.    Grant's IIED and defamation claims are preempted by Chapter 21 of the Texas Labor Code.**

Chapter 21 "is a comprehensive fair employment practices act and remedial scheme . . . that provides the framework for employment discrimination claims in Texas." *Prairie View A & M University v. Chatha*, 381 S.W.3d 500, 503 (Tex. 2012). It provides exclusive remedy under state law for certain causes of action related to employment discrimination. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808 (Tex. 2010). Accordingly, Chapter 21 preempts common law claims when the gravamen of those causes of action is the same as a complaint for discrimination or retaliation covered within its comprehensive statutory framework. *Waffle House*, 313 S.W.3d at 813.

Chapter 21's preclusive effect applies even if Grant chose not to assert a claim under Chapter 21. *See Wiggins v. St. Luke's Episcopal Health Sys.*, 517 F. App'x 249, 525 (5th Cir. 2013) (holding Chapter 21 preempted common law tort claims "regardless of whether the plaintiff brings an action under the Act"). Thus, if the essence of the plaintiff's case is a claim covered by Chapter 21, the plaintiff cannot bring it unless there are additional facts unrelated to a Chapter 21 claim that would support them. *See Waffle House*, 313 S.W.3d at 808-09; *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

Here, the gravamen of Grant's IIED and defamation claims are identical, and indeed indistinguishable, from his allegations about age discrimination. *See B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 283 (Tex. 2017) ("The gravamen of a

16

claim is its true nature, as opposed to what is simply alleged or artfully pled, allowing courts to determine the rights and liabilities of the involved parties.").

IIED is a "a gap-filler tort, judicially created for the limited purpose of allowing recovery in those rare instances where a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-LaRoche*, 144 S.W.3d at 447. Here, Grant asserts an IIED claim based on the same set of facts he alleges to support his employment discrimination and harassment claims under the ADEA. Accordingly, there is "no gap to fill," and Grant may not pursue an IIED claim. *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 366 (5th Cir. 2011) (holding district court properly dismissed IIED claim where the plaintiff "could and did bring other tort and employment claims").

Grant's defamation claim is predicated on an email exchange between two Amazon human resources employees, Tasha Dixon, and her supervisor Laia Quintero, after Grant confronted Dixon about using paid time off weeks in advance of his resignation. (*See* Compl. at 10-11.) Grant alleges he was "harmed and defamed" as a result, and that Quintero did not "properly vet[]" Dixon's email "to determine all the facts and truths." (*Id.*) Grant further alleges he was "deprived" of his PTO, which "is available to all regardless of age or the exercise of the Constitutional Right to file a complaint," and Quintero "was aware of the EEOC complaint and the lawsuit that was pending." (*Id.*) Thus, Grant appears to allege that he was "deprived" of utilizing PTO, ostensibly because of his age, and because

17

Amazon retaliated against him due to his pending EEOC charge and lawsuit—allegations that fall under Chapter 21's preclusive effect. *See* Tex. Lab. Code §§ 21.051, 21.055; *see also Montes v. Overhead Door Corp.*, No. 13-19-00018-CV, 2019 WL 5997508, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 14, 2019, no pet.) (holding plaintiff's defamation and fraudulent inducement claims arising out of employee's termination, which he alleged was an "act of racial discrimination," were inextricably intertwined with complaints that could have been resolved under Chapter 21). Therefore, Grant's alleged defamation claim is preempted. *See Hassell v. Axium Healthcare Pharmacy, Inc.*, No. 4:13-CV-746-O, 2014 WL 1757207, at *8 (N.D. Tex. May 2, 2014) (dismissing defamation claim where the facts giving rise to that claim and plaintiff's sexual harassment claim were "entwined and inseparable").

## C. Grant's IIED and defamation claims fail for other independent reasons.

### 1. Grant's IIED claim fails because he failed to plausibly allege that he was subjected to "extreme and outrageous" conduct.

Even if Grant's IIED claim was not barred, Amazon is entitled to dismissal nevertheless because Grant failed to comply with Rule 8(a)(2)'s requirement to allege facts to support his claim. To prevail, Grant must prove: (1) Amazon acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) Amazon's actions caused Grant emotional distress; and (4) the alleged emotional distress was severe. *Amin v. United Parcel Serv., Inc.*, 66 F.4th 568, 573 (5th Cir. 2023) (applying Texas law). Courts have repeatedly recognized that workplace disputes and conflicts are generally not actionable; vulgar joke-telling, verbal abuse, unfair

evaluations, and unfair and discriminatory termination do not typically constitute extreme and outrage conduct except in the most unusual cases. *Swafford v. Bank of Am. Corp.*, 401 F. Supp. 2d 761, 765 (S.D. Tex. 2005) (collecting cases). As the Supreme Court of Texas has recognized, "to properly manage its business, an employer must be able to supervise, review, criticize, demote, transfer, and discipline employees," and accordingly, "an employer must have latitude to exercise these rights in a permissible way, even though emotional distress results." *GTE S.W., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999). Instead, the conduct must be outrageous and extreme "beyond all possible bounds of decency," such that it is "atrocious, and utterly intolerable in a civilized community." *Swafford*, 401 F. Supp. 2d at 765 (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)); *see also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817 (Tex. 2005) (holding that the conduct must border "serious criminal acts"). Thus, an employee can maintain an IIED claim against his employer only "in the most unusual cases." *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir. 1991).

This is not one of the "unusual" cases that would allow Grant to maintain his IIED claim against Amazon. To the contrary, Grant's allegations demonstrate that he complains about nothing more than ordinary workplace disagreements. For example, Grant alleges Amazon failed to promote him and otherwise treated him differently when it came to work assignments, that he was subjected to various derogatory comments about his age, such as "old man," his performance was unfairly criticized, Amazon delayed his CDL and various departmental trainings,

19

and that he was falsely accused of wrongdoing. (*See* Compl. at 6-10.)  None of these allegations give rise to an IIED claim.  Grant has accordingly failed to allege he is entitled to any relief, and his claim should be dismissed on this basis alone.  *See* Fed. R. Civ. P. 8(a)(2); *see also MacArthur v. Univ. of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 898 (5th Cir. 1995) (noting that a claim for IIED will not lie for "mere employment disputes").

### 2.  Grant's defamation claim is barred by the statute of limitations.

Dismissal under Rule 12(b)(6) is appropriate on limitations grounds where it is evident from the pleadings that the statute of limitations has run.  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (affirming dismissal of libel claims under Rule 12(b)(6) on limitations grounds).  Defamation claims, whether for slander or libel, are subject to a one-year statute of limitations under Texas law.  Tex. Civ. Prac. & Rem. Code § 16.002(a); *Deaver v. Desai*, 483 S.W.3d 668, 674 (Tex. App.—Houston [14th Dist.] 2015, no pet.)  Grant alleges he was defamed in "an email dated 8/13/2022 at 6:13 p.m." (*See* Compl. at 10.)   Thus, Grant must have brought his defamation claim on or before August 13, 2023.  *See Deaver*, 483 S.W.3d at 674.

Grant argues that his claim is not time-barred because of the discovery rule. (*See* Resp. at 8-9.)  According to Grant, he "became aware of the [alleged defamatory] statement Nov. 2023 and [the limitations period] would expire on Nov. 2024 after [Grant] filed his EEOC charge and lawsuit." (*See id*. at 9.)  The statute of limitations on a defamation claim, which is premised on a statement that is

inherently undiscoverable or not a matter of public knowledge, does not begin to run until "the claimant discovers, or through the exercise of reasonable care should have discovered, the existence of the defamatory statement." *Deaver*, 483 S.W.3d at 674-75. In this case, however, Grant undertakes no legal analysis to explain how or why the discovery rule applies in this situation. (*See generally* Resp.)

Amazon avers that Grant learned of the alleged defamatory email (at the latest) in February 2023, when he filed a motion for extension of time to respond to Amazon's motion for summary judgment on February 7, 2023, and ultimately a response to that motion on February 21, 2023. *See Grant I*, Dkt. 38, 42 (App. 270-294). Furthermore, it is undisputed that Grant learned of the email when it was filed as a public record in connection with Amazon's motion for summary judgment in *Grant I* on January 13, 2023. *See Grant I*, Dkt. No. 18 at 9 (App. 100-101); Dkt. No. 34 at 113-14. Therefore, Grant was—or at the very least should have been—aware of the alleged defamatory statement in February 2023. But he did not file the present lawsuit asserting his defamation claim until July 2024, more than a year later. (*See generally* Compl.; *see also* Dkt. 1-3) (Original Complaint).) Because Grant failed to file his defamation lawsuit within the one-year statute of limitations, his defamation claim is barred. Tex. Civ. Prac. & Rem. Code § 16.002(a).

**D.    Grant's loss of use and loss of enjoyment claims are not standalone claims under Texas Law.**

Outside of identifying "loss of use" and "loss of enjoyment" as causes of action in his pleading, Grant does not meaningfully describe the basis for these

assertions as required by Rule 8(a)(2), which alone mandates dismissal. Regardless, "loss of use" and "loss of enjoyment" are not standalone claims or causes of action, but rather, a measure of damages. *See Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686–87 (Tex. App.—Austin 1980, writ ref'd n.r.e.) (recognizing plaintiff could not recover loss of use damages where he failed to allege a cause of action to support the same). Accordingly, to the extent Grant intends to pursue "loss of use" or "loss of enjoyment" as standalone causes of action, such should be dismissed for failure to state a claim upon which relief can be granted.

### E.    Grant's motion for leave to amend should be denied because amendment is futile.

Grant filed this case in state court on July 19, 2024. (*See* Dkt. No. 1-3.) Amazon removed on September 11, 2024 (*see* Dkt. No. 1) and filed its motion to dismiss on September 16, 2024 (*see* Dkt. No. 8), after which Grant had 21 days to amend his pleading—that is, before October 7, 2024. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, Grant waited until March 12, 2025—nearly eight months after he initially filed this case, and nearly six months after Amazon filed its motion to dismiss—to seek leave to amend. (*See* Dkt. No. 22.) The only explanation Grant offered for this delay is his assertion that he learned "new facts and details about [Amazon's] action and conduct" after filing his original complaint. (*See id*. at 1.)

Here, even a cursory review of the pleadings reveals that Grant's proposed amended complaint does not add a single new factual allegation. (*See* Dkt. No. 22.) Rather, Grant merely repackages the same allegations from his original complaint.

Indeed, Grant has been recycling the same allegations regarding his employment with Amazon that were at issue in *Grant I* and *Grant II*.  Thus, Grant's assertion that leave to amend is necessary in light of "new facts" is demonstrably false because the proposed amended complaint does not contain any new facts or allegations, suggesting that bad faith and dilatory motive underlie Grant's untimely motion for leave to amend his complaint.

Bad faith and a dilatory motive can be found where the plaintiff is aware of the underlying facts to support a cause of action at the outset of the case but waits an extended period before seeking to assert the claim.  *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 142 (5th Cir. 1993) (affirming district court's finding of bad faith and dilatory motive where plaintiffs were aware of underlying facts supporting their new claims but failed to assert those claims "until summary judgment was imminent, nine months after the action was initiated"); *see also Robertson v. Intratek Computer, Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (affirming district court's finding that nine-month delay in seeking leave to amend to add the plaintiff's own company as a co-plaintiff constituted a "tactical maneuver" warranting denial of motion to amend).  This is particularly true in light of the fact that Amazon's motion to dismiss has been on file since September 2024.  *See Wimm*, 3 F.3d at 142.  This alone is reason to deny Grant's motion for leave to amend.

Even if Grant's proposed amended complaint raised any issue concerning any aspect of his employment that has not been previously litigated, for the reasons explained above, such claims are barred by res judicata. Grant's proposed amended

complaint is therefore futile, and his motion for leave to amend should be denied on this additional basis.  Res judicata similarly bars Grant's defamation claim, and his defamation claim is additionally barred by the statute of limitations.  Because these deficiencies cannot be cured, Grant's proposed amended complaint is likewise futile as to his defamation claim.

Grant's motion for leave to add a negligent retention claim would likewise be futile.  To prevail on a negligent retention claim under Texas law, the plaintiff must show that the employee committed an underlying, independent tort.  *Alford v. Singleton*, No. 14-17-00504-CV, 2018 WL 5621472, at *4 (Tex. App.—Houston [14th Dist.] Oct. 30, 2018, no pet.).  Because the only independently tortious act alleged in Grant's proposed amended complaint is defamation, and that claim fails for the reasons discussed above, his negligent retention claim is futile.  *See Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (affirming dismissal of negligent retention claim in light of contemporaneous dismissal of underlying defamation claim).

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Amazon.com Services LLC's motion to dismiss (Dkt. No. 8) be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6); all claims asserted by Plaintiff Reginald L. Grant be **DISMISSED WITH PREJUDICE**.  Additionally, Grant's motion to file an amended pleading (Dkt. No. 22) should be **DENIED**.

**SO RECOMMENDED** on June 18, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).