IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD L. GRANT,<br>Plaintiff, | § § § | |
| v. | § § | No. 3:24-CV-2311-X-BW |
| AMAZON.COM SERVICES LLC,<br>Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Reginald L. Grant, proceeding pro se, has filed a motion for leave to proceed in forma pauperis on appeal. (Dkt. No. 30). This case has been referred to the undersigned magistrate judge for case management by Special Order 3-251 and Miscellaneous Order No. 6. (*See* Dkt. No. 2; *see also* Dkt. No. 31.)

On August 25, 2025, the undersigned issued a Notice of Deficiency and Order advising Grant that his motion failed to meet the requirements of 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the rules that govern the determination of applications to proceed with an appeal IFP. (*See* Dkt. No. 32.) On August 28, 2025, Grant filed an amended IFP Motion (Dkt. No. 33), in response to which the Court issued a Second Notice of Deficiency (Dkt. No. 34), because Grant's amended filing failed to correct the deficiencies. Now, Grant has filed a second amended motion for leave to proceed in forma pauperis on appeal, which appears to include the requisite information missing from his prior filings. (*See* Dkt. No. 35) ("IFP Motion").

## I. BACKGROUND

This is Grant's third lawsuit alleging claims related to his employment at Amazon, including a previous case in this Court, *Grant v. Amazon.com Services LLC*, No. 3:22-CV-00439-S-BH ("*Grant I*"), and a case in state court, *Grant v. Amazon.com Services LLC*, Cause No. CC-22-04274-D ("*Grant II*"), which is currently on appeal before the Court of Appeals for the Fifth District of Texas. (*See* Dkt. Nos. 1-9, 8, 9 at 7-11.) Just a few days after filing *Grant I*, Grant filed a second lawsuit in Justice Court, Precinct 1, Place 2, for Dallas County, Texas, in November 2021, alleging fraud and breach of contract arising from Amazon's alleged failure to pay Grant a $0.60 (60 cents) per hour shift differential from June 2021 through early 2022. *Grant v. Amazon.com Services LLC RA Corp. Services DBA CSC Lawyers Inc Services Co.* ("*Grant Small Claims Case*"), Cause No. JS2100164K, (Statement of Claim). A jury awarded Grant $386.00, and the Justice of the Peace Court entered judgment in the same amount, plus costs. *Grant Small Claims Case*, August 8, 2022, Final Judgment.

Turning to the present case, Grant filed this lawsuit in the 160th Judicial District Court for Dallas, County, Texas on July 19, 2024, alleging age discrimination and other claims related to his employment at Amazon. (*See* Dkt. No. 1-3.) Amazon removed the lawsuit to this Court on September 11, 2024. (*See* Dkt. No. 1.) Amazon filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on September 16, 2024. (Dkt. No. 8.) On July 7, 2025, the Court entered judgment in favor of Amazon, dismissing Grant's employment discrimination claims with prejudice pursuant to Federal Rule of Civil Procedure

12(b)(6), for failure to state a claim. (Dkt. No. 26.) On July 18, 2025, Grant filed a Notice of Appeal to the Fifth Circuit Court of Appeals (Dkt. No. 27) and seeks to proceed in forma pauperis on appeal (*see* Dkt. Nos. 30, 33, 35).

## II. LEGAL STANDARD AND ANALYSIS

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed on appeal IFP. *See, e.g.*, *Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003). Section 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) in pertinent part provides:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3) [concerning, unlike here, a party previously permitted to proceed in forma pauperis], a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a).

An appeal is taken in good faith under § 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438,

445 (1962). Therefore, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statute, "[a] movant who seeks authorization to proceed IFP on appeal [also] must demonstrate that . . . his appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal.").

    Grant's IFP Motion is supported by a financial affidavit and an attachment outlining the basis for his appeal. (*See* Dkt. No. 35). The financial affidavit affirms that Grant is employed and earns gross monthly pay of $3,500.00. (*See id*. at 2.) He reports average monthly income during the past 12 months of $3,200.00, and monthly expenses of $2,600.00, which leaves a surplus of approximately $600.00 per month. (*Id*.) Because Amazon, as the removing party, paid the district court filing fee, Grant did not proceed in forma pauperis in these proceedings. (*See* Dkt. No. 1.) The state court record, however, indicates that Grant paid a filing fee of $350.00.

4

(*See* Dkt. No. 1-2 at 3-4.)  Based on the foregoing, Grant has not shown that his financial condition qualifies him to proceed under the IFP statute.

Furthermore, even if the financial affidavit demonstrated Grant's inability to pay, he fails to demonstrate that his appeal involves nonfrivolous issues.  The attachment to Grant's IFP Motion recites several "issues to be presented at appeal," all of which are moot and legally unsupported, or not ripe for appeal as they involve alleged causes of action raised for the first time in Grant's IFP Motion.  (*See* Dkt. No. 35 at 8-12.)

First, Grant asserts that the Court erred because his complaint and his EEOC charge demonstrate enough facts to state a claim upon which relief may be granted. (*See* Dkt. No. 35 at 9.)  Contrary to Grant's assertion, however, the issue was not whether Grant sufficiently stated his claims in his pleadings, but rather that his ADEA discrimination, harassment, breach of contract, and fraud claims had been previously litigated and therefore, were barred by res judicata.  (*See* Dkt. No. 24.)  To the extent Grant attempts to argue that these cases were wrongly decided, this "does not enter into [the court's] inquiry on the subject of res judicata, for even an incorrect judgment is entitled to res judicata effect."  *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004) (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986)).

Regarding Grant's claim that his rights under the Fourteenth and Seventh Amendments of the Constitution were violated (*see* Dkt. No. 35 at 9), these claims are raised for the first time in his IFP Motion.  "A party forfeits an argument by

5

failing to raise it in the first instance in the district court[,]" in effect "raising it for the first time on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (first citing *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017); then citing *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017); and then citing Fed. R. App. P. 28(a)(8)(A)). Therefore, these newly asserted and forfeited claims fail to present any non-frivolous issue to be litigated on appeal.

Grant next asserts that "Chapter 21 of the Texas Labor Code should not apply, because it does offer a broad protection under the law, because the possibility of joiner and class action from other states." (See Dkt. No. 35.) Grant is wrong. The law is clear that Chapter 21 of the Texas Labor Code preempts Grant's state law tort claims. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

Finally, Grant's accusations of "judicial bias" because the allegations in his complaint were not construed in his favor, he had no opportunity to conduct discovery, and he was not allowed to amend his complaint are without merit. (*See* Dkt. No. 35 at 8.) As an initial matter, Grant's request for leave to amend (Dkt. No. 22)—filed nearly eight months after he initially filed this case, and nearly six months after Amazon filed its motion to dismiss—was untimely. And despite Grant's assertion that he learned "new facts and details about [Amazon's] action and conduct" after filing his original complaint, the Court found that Grant's proposed amended complaint did not add any new factual allegations, and his request for leave was not taken in good faith. (*See* Dkt. No. 24 at 22-23.) Furthermore, for the reasons previously explained, allowing Grant an opportunity to amend would have

6

been futile because his proposed amended complaint did not raise any issue concerning any aspect of his employment that had not been previously litigated, and therefore, such claims were barred by res judicata. (*See id.* at 24.)

Grant therefore "has failed to adequately present any argument for [appellate] consideration" and "has thus failed to establish that he will raise a nonfrivolous issue for appeal." *McGarrah*, 783 F.3d at 584.

### III.  RECOMMENDATION

For the foregoing reasons, the Court should deny Grant's motion for leave to appeal in forma pauperis (Dkt. No. 35) and certify, pursuant to § 1915(a)(3), that Grant's appeal is not taken in good faith.

Grant's previous motions for leave to appeal in forma pauperis (Dkt. Nos. 30, 33), which were deemed deficient, should be terminated as moot.

**SO RECOMMENDED** on October 2, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).